18-007-cv
*Lees v. Allstate Ins. Co.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of April, two thousand nineteen.

PRESENT:   PIERRE N. LEVAL,
           JOSÉ A. CABRANES,
           BARRINGTON D. PARKER,
                   *Circuit Judges.*

-----

ALAN D. LEES AND ROMELA J. LEES,

          *Plaintiffs-Appellants,*                          18-007-cv

          v.

ALLSTATE INSURANCE COMPANY,

          *Defendant-Appellee.*

-----

**FOR PLAINTIFFS-APPELLANTS:**      JEFFREY R. LINDEQUIST, Law Office of
          Michael D. Parker, Springfield, MA.

**FOR DEFENDANT-APPELLEE:**      RAYMOND T. DEMEO (Jessica A.R.
          Hamilton, *on the brief*), Robinson & Cole
          LLP, Hartford, CT.

Appeal from a November 30, 2017 judgment of the United States District Court for the District of Connecticut (Victor A. Bolden, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiffs-Appellants Alan D. Lees and Romela J. Lees (the "Leeses") appeal the District Court's order of November 30, 2017 granting the motion for summary judgment of Defendant-Appellee Allstate Insurance Company ("Allstate"). The Leeses sued Allstate for: (1) breach of contract based on Allstate's denial of coverage under their homeowner's insurance policy (the "Allstate Policy"); (2) breach of the implied covenant of good faith and fair dealing; and (3) unfair and deceptive practices in violation of the Connecticut Unfair Insurance Practices Act ("CUIPA"), as enforced through the Connecticut Unfair Trade Practices Act ("CUTPA"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's grant of summary judgment *de novo*." *Utica Mut. Ins. Co. v. Clearwater Ins. Co.*, 906 F.3d 12, 17 (2d Cir. 2018) (citation omitted). "Because interpretation of an insurance agreement is a question of law, we review the district court's construction of [an insurance policy] de novo." *US. Fid. & Guar. Co. v. Fendi Adele S.R.L.*, 823 F.3d 146, 149 (2d Cir. 2016) (citation omitted).

We heard oral argument in the instant case in tandem with two other actions against Allstate. *See Valls v. Allstate Ins. Co.*, 17-3495-cv; *Carlson v. Allstate Ins. Co.*, 17-3501-cv. For the reasons set forth in the *Valls* per curiam opinion, which has been filed simultaneously with the instant order, we affirm the summary judgment entered by the District Court because we conclude that the gradual deterioration of basement walls does not constitute a covered "collapse" under the Allstate Policy. In addition, because "bad faith is not actionable apart from a wrongful denial of a benefit under the policy," *Capstone Bldg. Corp. v. Am. Motorists Ins. Co.*, 308 Conn. 760, 798 (2013), our conclusion that there is no policy coverage dictates that the Leeses' claims under the implied covenant of good faith and fair dealing and CUTPA/CUIPA also fail.

## CONCLUSION

We have reviewed all of the arguments raised by the Leeses on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the November 30, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk